IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| MIKELL BROWN, #02102583 | § | |
| VS. | § | CIVIL ACTION NO. 4:17cv438 |
| TERRY GILBERT, ET AL. | § | |

ORDER OF DISMISSAL

Plaintiff Mikell Brown, an inmate previously confined in the Cooke County Jail and currently confined in the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was referred to United States Magistrate Judge Christine A. Nowak, who issued a Report and Recommendation concluding that the lawsuit should be dismissed. Plaintiff has filed objections.

Plaintiff complains that he was not allowed to go to the law library to research his criminal case while he was confined in the Cooke County Jail. He acknowledges that he had an attorney. He admits that he was told by jail officials to write to his attorney or the district attorney for assistance.

The United States Supreme Court has concluded that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). The right of access to court applies to both convicted prisoners and pretrial detainees who are jailed pending trial. *See United States v. Moya-Gomez*, 860 F.2d 706, 743 (7th Cir. 1988). A county satisfies the duty with

1

respect to indigent pretrial detainees by appointing an attorney to represent them. *Degrate v. Godwin*, 84 F.3d 768, 769 (5th Cir. 1996). A county must provide an adequate law library only if it fails to provide adequate assistance from someone trained in the law. *See Green v. Ferrell*, 801 F.2d 765, 772 (5th Cir. 1986); *Morrow v. Harwell*, 768 F.2d 619, 623 (5th Cir. 1985). A criminal defendant does not have the right to demand a law library if he chooses not to accept a court appointed attorney. *Degrate v. Godwin*, 84 F.3d at 769. Moreover, in order to succeed in a denial of access to court claim, an inmate must show an actual injury. *Lewis v. Casey*, 518 U.S. 343, 349-51 (1996). He must show that such denial frustrated or impeded his pursuit of a non-frivolous claim with arguable legal merit. *Id.* at 352-53.

In the present case, Plaintiff wanted to use a law library while he was confined in the Cooke County Jail to research his criminal case. He acknowledges that he had an attorney and that he was advised to contact his attorney with respect to his legal questions. Cooke County complied with its duty of providing Plaintiff with access to court by appointing an attorney to represent him. Plaintiff's lawsuit fails to state a claim upon which relief may be granted and is otherwise frivolous.

In his objections, Plaintiff renews his complaint that he was denied access to the law library. Nonetheless, as explained in the Report and Recommendation, Plaintiff was accorded all of his rights with respect to access to court when he was appointed an attorney. The lawsuit is frivolous.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Plaintiff to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the objections raised by

Plaintiff lack merit. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that Defendants Gilbert, Winter and Hampton's Rule 12(b)(6) motion to dismiss (Dkt. #31) and Defendant Claxton's motion to dismiss (Dkt. #32) are **GRANTED** and the claims against them are **DISMISSED** with prejudice pursuant to Fed. R. Civ. P. 12(b)(6). It is further

**ORDERED** that Plaintiff's claims against Defendant Eric Erlanderson are **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1). It is finally

**ORDERED** that all other motions not previously ruled on are **DENIED**.

**SIGNED this 15th day of January, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE